United States District Court for the Northern District of Illinois
(219 South Dearborn Street, Chicago, IL 60604)

| | |
|---|---|
| Alex Garcia Enterprises, Inc. (AGE), Plaintiff (Pro Se) | C.A. No.: 1:2014cv3814 |
| v. | |
| Guggenheim Partners, Plunibus Capital Management, Nielsen Corporation, Billboard Magazine, & The Hollywood Reporter, Defendants | FILED<br>MAY 30 2014<br>THOMAS G BRUTON<br>CLERK, US DISTRICT COURT |

## MOTION FOR A SUMMARY JUDGMENT

COMES NOW, the plaintiff Alex Garcia Enterprises, Inc. (hereinafter referred to as AGE) which is bringing forth this motion for a summary judgment (against all five corporate defendants) as there is no "genuine issue of material fact" between the plaintiff and the five defendants. The plaintiff is now filing this motion for a summary judgment notwithstanding the fact that none of the five defendants have yet been served with process and no jury has been impaneled or subjected to voir dire. Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (F.R.C.P.), "A party may move for summary

judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (F.R.C.P.), "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

Pursuant to Rule 56(c)(1) of the Federal Rules of Civil Procedure (F.R.C.P.), "A party asserting that a fact can not be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."


Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure (F.R.C.P.), "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

Pursuant to Rule 56(c)(3) of the Federal Rules of Civil Procedure (F.R.C.P.), "The court need consider only the cited materials, but it may consider other materials in the record."

Pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure (F.R.C.P.), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

WHEREFORE, the plaintiff (AGE) has brought forth this motion to have the court issue a summary judgment as there is no "genuine issue of material fact" between the plaintiff (AGE) and the five corporate defendants. The plaintiff (AGE) is now filing this motion for a summary judgment notwithstanding the fact that none of the five defendants have officially been served with process and no jury has been impaneled or subjected to voir dire. The plaintiff (AGE) will be filing a separate motion to compel discovery and subpoena witnesses.

Respectfully submitted,

Ronald Satish Emrit
Alex Garcia Enterprises, Inc.
Attn: Ronald Satish Emrit
President and CEO
976 Douglas Ave., 2nd Floor
Providence, RI 02908
(401) 272-0547
einsteinrockstar@gmail.com
wilburandcharlotte@gmail.com